KESSLER, P.J. (dissenting).
¶25 I disagree with the Majority's interpretation of WIS. STAT. § 346.65(2). The Majority states that a plain reading of the statute "indicates that adding either of the penalty enhancers changes the base minimum fine." Majority, ¶23. I disagree that the application of multiple penalty enhancers changes the minimum base fine.
¶26 As relevant here, WIS. STAT. § 346.65(2) states:
(am) Any person violating [ WIS. STAT. §] 346.63(1) :
....
*866 3. Except as provided in pars. (cm), (f), and (g), shall be fined not less than $600 nor more than $2,000 and imprisoned for not less than 45 days nor more than one year in the county jail if the number of convictions under [ WIS. STAT. §§] 940.09(1) and 940.25 in the person's lifetime, plus the total number of suspensions, revocations, and other convictions counted under [ WIS. STAT. §] 343.307(1), equals 3, except that suspensions, revocations, or convictions arising out of the same incident or occurrence shall be counted as one.
....
(f)2. If there was a minor passenger under 16 years of age in the motor vehicle at the time of the violation that gave rise to the conviction under [
*481 WIS. STAT. §] 346.63(1), the applicable minimum and maximum fines and imprisonment under par. (am)2. to 7. for the conviction are doubled ....
....
(g)3. If a person convicted had an alcohol concentration of 0.25 or above, the applicable minimum and maximum fines under par. (am)3. to 5. are quadrupled .
(Emphasis added.)
¶27 The statute does not state that penalty enhancers are to be multiplied by each other, which is what the trial court did here. See Majority, ¶10. The Majority states that the statute does not preclude a trial court from changing a base fine by multiplying penalty enhancers together, see Majority, ¶¶22-23, but the statute does not specifically instruct a court to apply the second or subsequent multiplier to an already multiplied fine. We may not add words to the statute's text. Words excluded from a statutory text must be presumed to have been excluded for a purpose. Heritage Farms, Inc. v. Markel Ins. Co. , 2009 WI 27, ¶14 & n.9, 316 Wis.2d 47, 762 N.W.2d 652.
¶28 The statute plainly states that the "base fine" for a third OWI offense is $600. Nothing in the statute instructs us to apply sequential enhancers to any figure other than the base fine set out in the statute.
¶29 Each penalty enhancer must be separately applied. See WIS. STAT. § 346.65(2). Applying the enhancer for having a minor in the car ($1200) and the enhancer for a prohibited BAC ($2400) results in a total fine of $3600 when the plain language the legislature chose is applied.